UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA AROZARENA, | : |
| Plaintiff, | : |
| v. | : No. 5:17-cv-05457 |
| CARPENTER CO, | : |
| Defendant. | : |

# **O P I N I O N**
### Defendant's Partial Motion to Dismiss, ECF No. 4 – Granted

**Joseph F. Leeson, Jr.**  **May 24, 2018**
**United States District Judge**

## I.     Introduction

Plaintiff Gina Arozarena has filed a Complaint against her former employer, Defendant Carpenter Co., alleging that it discriminated against her on the basis of her pregnancy and on the basis of her disability when it terminated her employment in June 2016. Carpenter Co. has filed a partial Motion to Dismiss with respect to Arozarena's disability discrimination claims, contending that Arozareba has failed to allege that she was disabled. For the reasons set forth below, Carpenter Co.'s Motion is granted, but Arozarena will be given leave to file an amended complaint.

## II.    Background

Arozarena alleges that in May 2015 she was hired by Carpenter Co. as a machine operator. Compl. ¶ 9, ECF No. 1. In November 2015 she notified Carpenter Co. that she was pregnant, after which she "became the target of disparaging behavior" from her manager, Chris Huntsinger. Compl. ¶ 10. Subsequently, Arozarena "began to have complications with her

pregnancy and in the last two months of her pregnancy found herself having to see her doctor twice a week to be monitored." Compl. ¶ 27. She explained this to Huntsinger and to Judy Barrett, Carpenter Co.'s human resources representative, and provided them with all of her doctor's notes. Compl. ¶ 28. On June 4, 2016, Carpenter Co. terminated her employment, stating that the termination was based on her "excessive absences." Compl. ¶ 30. Arozarena alleges that Carpenter Co.'s primary motivation for terminating her was that she was pregnant and that she missed work due to her pregnancy. Compl. ¶ 34.

On the basis of these allegations, Arozarena asserts, under Counts I and III of the Complaint, that Carpenter Co. discriminated against her on the basis of her pregnancy, in violation of Title VII of the Civil Rights of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e-2000e-17. Under Count II of the Complaint, Arozarena asserts that Carpenter Co. discriminated against her on the basis of her disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-213. Finally, under Count IV of the Complaint, Arozarena asserts that Carpenter Co.'s allegedly discriminatory conduct violated the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963.

In response to Arozarena's Complaint, Carpenter Co. filed the present Partial Motion to Dismiss with respect to Arozarena's disability discrimination claims in Counts II and IV,[1] contending that Azorarena has failed to allege that she was disabled.

### III. Standard of Review – Rule 12(b)(6)

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

---

[1] Specifically, with respect to Count IV, Carpenter moves to dismiss this Count to the extent it alleges a claim for disability discrimination.

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV. Analysis**

As indicated above, Carpenter Co. argues that Arozarena has failed to allege that she is disabled, which is a necessary element of a disability discrimination claim. Carpenter Co. argues that it is well settled that pregnancy, in itself, is not a disability under the ADA or PHRA. Further, with respect to for Arozarena's allegation that she had "complications with her pregnancy," Carpenter Co. contends that this is nothing more than a conclusory assertion that fails to specify what complications Arozarena allegedly experienced.

Arozarena responds that courts have found that complications arising out of pregnancy can constitute a disability, and that whether such complications actually rise to the level of disability is a question of fact. Further, she contends that her allegation that she had to see her doctor twice a week as a result of her pregnancy-related complications suffices to allege the

existence of a disability. In the alternative, in the event that the Court grants Carpenter Co.'s Motion, Arozarena seeks leave to amend her disability claim.

The ADA defines "disability" as either (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). The PHRA contains a substantially similar definition of "handicap or disability." *See* 43 P.S. § 954.[2] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). The determination of whether an individual is substantially limited in a major life activity must be made 'on a case-by-case basis.'" *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 167 (3d Cir. 2015) (quoting *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999)). "What matters is not the name or diagnosis of the impairment but 'the effect of the impairment on the life of the individual.'" *Id.*

As both parties acknowledge, pregnancy itself is not a disability, but a number of courts have found that pregnancy complications can constitute a disability. *See Oliver v. Scranton Materials, Inc.*, No. 3:14-CV-00549, 2015 WL 1003981, at *7 (M.D. Pa. Mar. 5, 2015) (collecting cases). But a plaintiff must do more than simply "recite[ ], in talismanic fashion, that

---

[2]  Although courts have traditionally evaluated whether a plaintiff has established a "disability" under the ADA and PHRA coextensively, *see Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir.1996), Congress substantially modified the ADA in 2008 via the ADA Amendments Act ("ADAAA"). While the ADAAA broadened the standard for finding a disability under the ADA, the PHRA has not been similarly amended, and "district courts in the Third Circuit [have] split with respect to whether the ADA standard and the PHRA standard continue to be coextensive." *See Gucker v. U.S. Steel Corp.*, 212 F. Supp. 3d 549, 559 (W.D. Pa. 2016). In any event, because this Court finds that Arozarena fails to plausibly allege a disability even under the broader post-amendment standard, any differences that might exist between the state and federal standards do not affect the Court's analysis in this Opinion.

some [pregnancy] complications" occurred in order to allege a disability. *See id.* Here, as set forth above, Arozarena alleges only that she "began to have complications with her pregnancy and in the last two months of her pregnancy found herself having to see her doctor twice a week to be monitored." As Carpenter Co. points out, Arozarena does not specify what complications she experienced, nor does she indicate how those complications substantially limited one or more major life activities. Accordingly, Arozareana's Complaint fails to allege sufficient facts to support her claim that she had a "disability" under the ADA and PHRA.

Accordingly, Carpenter Co.'s partial Motion to Dismiss is granted. But the dismissal is without prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"). This Court does not believe that allowing another amendment would be futile or inequitable, and Arozarena will be granted leave to amend her Complaint to cure the deficiencies outlined herein.

## V. Conclusion

For the reasons set forth above, Carpenter's partial Motion to Dismiss is granted and Arozarena's disability claims are dismissed without prejudice. A separate order follows.

BY THE COURT:

_____
JOSEPH F. LEESON, JR.
United States District Judge